**FILED**

JUN 0 6 2002

LARRY W. PROPES, CLERK
CHARLESTON, SC

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| ELAINE L. CHAO, SECRETARY OF LABOR,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>LOCAL 1422, INTERNATIONAL LONGSHOREMEN'S ASSOCIATION AFL-CIO,,  )<br>)<br>Defendant,  ) | Civil Action No. 2-01-2526-12<br><br>MOTION<br>BY SECRETARY CHAO<br>TO VOLUNTARILY DISMISS<br>AND<br>MEMORANDUM IN SUPPORT |

## MOTION AND MEMORANDUM

On June 7, 2001, the Secretary of Labor filed the above-captioned lawsuit in this Court. This action arises under the union officer election provisions of Title IV of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. §§ 481-483 ["Act" or LMRDA]. In this lawsuit, the Secretary sought an order declaring the election for the office of Trustee conducted by Local 1422, International Longshoremen's Association, AFL-CIO [International or ILA] on January 28, 2000, void and directing the conduct of a new election for that office under supervision of the Secretary. On July 19, 2001, Leonard Riley, Jr. and Charles Brave filed motions to intervene in this proceeding and to consolidate this proceeding with an action they had previously brought. That other action was subsequently dismissed by this Court.[1]  The Court heard argument on the intervention motion in December of 2001 and took the motion under advisement.

---

[1] Leonard Riley and Charles Brave v International Longshoremen's Association, AFL-CIO, Civil Action No. 2:01-0074-12.

15

Parallel to the Secretary's action, The headquarters of the International Longshoremen's Association, AFL-CIO, invalidated the prior election and ordered that a new election be held for the office of Trustee. A new election for that office was conducted by the International on August 27, 2001. Although that election was not supervised by the Secretary, the Secretary did monitor the election and is satisfied that the process was substantially the equivalent of an election supervised by the Secretary.[2] Consequently, the Secretary wishes to dismiss this action as the result sought by the action has been effectively accomplished.

Respectfully submitted,

J. STROM THURMOND, JR.
UNITED STATES ATTORNEY

BY: _____
JOHN H. DOUGLAS (#587)
Assistant U.S. Attorney
170 Meeting St., Suite 300
P.O. Box 978
Charleston, S.C.  29402
(843) 727-4381 (voice)
(8430 727-4443 (fax)
email: john.douglas@usdoj.gov

Charleston, South Carolina

June 5, 2002

---

[2]  A protest was filed by Leonard Riley, Jr., over the conduct of the election, but the Secretary has investigated that protest and has recently concluded that it is without merit.

## CERTIFICATE OF SERVICE

I hereby certify that I have, on Wednesday, June 5, 2002, served a copy of the forgoing document on all parties (or attorneys of record if represented) by depositing the same in the United States mail, properly addressed, with sufficient postage attached.

/s/ [signature]

N:\JDouglas\Case files\ILA 1422\Motion to Dismiss.wpd